IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DAVID GARVEY, M.D., AN INDIVIDUAL,<br>Petitioner,<br>vs.<br>THE FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF ELKO; AND THE HONORABLE KRISTON N. HILL, DISTRICT JUDGE,<br>Respondents,<br>and<br>DIANE SCHWARTZ, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF DOUGLAS R. SCHWARTZ,<br>Real Party in Interest. | No. 83533<br><br>**FILED**<br><br>MAY 1 2 2022<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

*ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order denying partial summary judgment in a tort action and denying two motions to strike.

Petitioner David Garvey, M.D. challenges a district court order denying his motion for partial summary judgment and denying motions to strike two of real-party-in-interest Diane Schwartz's opposing declarations in a wrongful death and professional negligence action. After considering petitioner's arguments and supporting documents, we conclude that the issues raised do not merit our discretionary and extraordinary intervention at this time. NRS 34.160; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224-25, 88 P.3d 840, 841 (2004). This court generally declines to entertain

writ petitions seeking interlocutory review of a district court's non-dispositive summary judgment rulings. *State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 362, 662 P.2d 1338, 1340 (1983); *see also* NRCP 54(b) (specifying a certification procedure for interlocutory review of certain summary judgment rulings). And although an exception to this general prohibition exists where an important legal issue requires clarification, supervisory writ relief is inappropriate where factual issues remain. *See Anse, Inc. v. Eighth Judicial Dist. Court*, 124 Nev. 862, 867, 192 P.3d 738, 742 (2008) (noting that the existence of factual issues weighs against writ intervention).

Garvey and amici fashion the petition's issue presented—whether the $50,000 cap on civil damages in NRS 41.503 applies to Diane's claims—as one of law. But NRS 41.503's application in this case appears fact dependent, and the parties heavily contest those underlying facts. That is not to say that NRS 41.503's cap may not apply at a later stage in the case, but on this record and at this point in the proceeding, extraordinary writ relief is not appropriate. *See Thompson*, 99 Nev. at 360, 662 P.2d at 1339. Further, Garvey fails to demonstrate that the district court manifestly abused its discretion by concluding that the declarations underlying his motions to strike were irrelevant to its summary judgment decision and accordingly moot. *Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 680, 476 P.3d 1194, 1196 (2020) ("Where a district court *is* entrusted with discretion on an issue . . . we can issue traditional mandamus only where the lower court has *manifestly* abused that discretion or acted arbitrarily or capriciously." (emphases in original)); *see also Thomas v. Hardwick*, 126 Nev. 142, 152-53, 231 P.3d 1111, 1118 (2010)

(reviewing a district court's denial of a motion to strike for an abuse of discretion). We therefore,

ORDER the petition DENIED.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering


cc:    Hon. Kriston N. Hill, District Judge
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Claggett & Sykes Law Firm
       Greenberg Traurig, LLP/Las Vegas
       Elko County Clerk